IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KRIS SARAYN KOLLYNS (FORMERLY | ) Civil Action No. 3:05-0090-JFA-JRM |
| #145461, A/K/A KRISTOPHER S. KOLLINS, | ) |
| A/K/A JOHN WAYNE TODD, A/K/A | ) |
| JOHNNIE W. TODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| DR. RUSSELL HUGHES; | ) |
| BRENDA YOUNG-RICE; | ) |
| FRED PAUER; | ) |
| REV. SMITH; | ) |
| LT. ABNEY, IN THEIR PERSONAL | ) |
| CAPACITIES; AND | ) |
| SOUTH CAROLINA DEPARTMENT OF | ) |
| MENTAL HEALTH, FOR INJUNCTIVE | ) |
| RELIEF, | ) |
| | ) |
| Defendants, | ) **REPORT AND RECOMMENDATION** |
| | ) |

Plaintiff filed this action under 42 U.S.C. § 1983 ("§ 1983") on January 28, 2005,[1] and

he filed an amended complaint on December 7, 2005. On March 29, 2005, Plaintiff filed a motion

for an order of abeyance. This appears to be a motion for a preliminary injunction. Defendants

filed a response on December 30, 2005.[2]

---

[1]This action was originally filed on by three persons civilly committed to the custody of the South Carolina Department of Mental Health (Civil Action 3:05-0090-JFA-JRM). On February 8, 2005, the undersigned ordered that Kris Sarayn Kollyns remain as the sole plaintiff in the lead action and separate civil action numbers be assigned to the other plaintiffs.

[2]There was no indication that Plaintiff served Defendants with a copy of his motion (see Fed. R. Civ. P. 5). On December 7, 2005, the undersigned ordered that Defendants file any response to Plaintiff's motion for a preliminary injunction on or before December 30, 2005.

Plaintiff, who states that he is a member of the Wiccan religion, has been involuntarily committed to the Behavioral Disorders Treatment Program ("BDTP") at the South Carolina Department of Mental Health as a Sexually Violent Predator ("SVP") pursuant to the South Carolina SVP Act, S.C. Code Ann. § 44-48-10 et seq.   He requests that the Court issue an injunction ordering Defendants to allow him to hold all religious services required by the Wiccan religion, stop requiring him to drop out of the Wiccan religion as a ground for his release from the SVP program, and stop setting up a privileged religious class of persons (Christians) at the BDTP.  Defendants contend that Plaintiff's motion should be denied because it is based on the subject of this litigation, the issues will be addressed through the disposition of this case, Plaintiff has established no grounds to support his motion for a preliminary injunction, and there is no evidence that Plaintiff will suffer any irreparable harm if his motion is denied.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a)  plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c)  the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Systems, Inc. v. InterDigital Commc'ns. Corp., 17 F.3d 691, 693 (4th Cir. 1994);  North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).  The two most important factors are

probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted.  Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly.  The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits.  Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief."  Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Here, Plaintiff has not shown a likelihood of success on the merits.  Further, he has not shown probable irreparable injury to him if the relief is not granted.  **It is, therefore, recommended that Plaintiff's motion for a preliminary injunction (Doc. 8) be denied.**

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 3, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).   Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.   In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

4