IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| KRIS SARAYN KOLLYNS (FORMERLY #145461), A/K/A KRISTOPHER S. KOLLINS, A/K/A JOHN WAYNE TODD, A/K/A JOHNNIE W. TODD, | ) ) ) ) | Civil Action No. 3:05-0090-JFA-JRM |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DR. RUSSELL HUGHES; BRENDA YOUNG-RICE; FRED PAUER; REV. SMITH; LT. ABNEY; DR. CHAVEZ, IN THEIR PERSONAL CAPACITIES; AND SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, FOR INJUNCTIVE RELIEF, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) ) | **REPORT AND RECOMMENDATION** |

Plaintiff filed this action under 42 U.S.C. § 1983 ("§ 1983") on January 28, 2005,[1] and he

filed an amended complaint on December 7, 2005. Plaintiff, who states that he is a member of the

Wiccan religion, has been involuntarily committed to the Behavioral Disorders Treatment Program

("BDTP") at the South Carolina Department of Mental Health ("SCDMH") as a Sexually Violent

Predator ("SVP") pursuant to the South Carolina SVP Act, S.C. Code Ann. § 44-48-10 et seq.

Defendants filed a motion for summary judgment on February 16, 2006. On August 18,

2006, the undersigned recommended that summary judgment be denied as to Plaintiff's claim that

he was forced to watch videotape(s), as part of his treatment, that consisted of a Christian priest

---

[1]This action was originally filed by three persons civilly committed to the custody of the South Carolina Department of Mental Health. On February 8, 2005, the undersigned ordered that Kris Sarayn Kollyns remain as the sole plaintiff in this lead action and separate civil action numbers be assigned to the other plaintiffs.

preaching to the viewers that the only way to overcome drug abuse is to become a strong Christian.[2] The parties filed objections to the report and recommendation.  On September 22, 2006, the Honorable Joseph F. Anderson, Jr., Chief United States District Judge, District of South Carolina, granted Defendants' motion for summary judgment as to all claims except for those concerning the use of videotape(s) as part of a required addiction treatment program.[3]  Judge Anderson wrote:

> The court finds the record is incomplete as to plaintiff's claims concerning the video. If plaintiff's allegations are taken as true, and all inferences are construed in plaintiff's favor, the court cannot conclude as a matter of law that plaintiff fails to demonstrate a constitutional violation on this record.  In fact, the court cannot determine with certainty which video is at issue.  Therefore, the court remands the case back to the magistrate judge with instructions for plaintiff to identify and for defendants to confirm the precise video at issue.  Once the video is sufficiently identified, defendants are granted leave to file a renewed motion for summary judgment on this claim, with proper supporting affidavits and tender of the video at issue to the magistrate judge for his review and consideration.

The undersigned issued an order on October 4, 2006, setting deadlines for Plaintiff to submit a statement identifying the video at issue and for Defendants to file any renewed motion for summary judgment as to the remaining claim.  On October 19, 2006, Plaintiff submitted a response in which he identifies the videotapes in question as the "Chalk Talk" series.[4]  On December 1, 2006, Defendants filed a renewed motion for summary judgment, in which they appear to incorporate their

---

[2]The undersigned also recommended that Defendants' motion for summary judgment be granted as to Plaintiff's claims concerning group worship, grievances, and verbal insults, and be denied as to Plaintiff's claims against Dr. Chavez.

[3]In their objections to the report and recommendation, Defendants represented to the court and provided affidavits showing that Dr. Chavez has left his employment with the SCDMH and is no longer in any way involved in Plaintiff's care or treatment.  Judge Anderson granted Defendants' motion for summary judgment as to Plaintiff's claims against Dr. Chavez.

[4]Plaintiff also submitted information pertaining to claims not before the Court.  Further, there is nothing to show that these materials are from the SCDMH or were used in Plaintiff's treatment program.

original motion for summary judgment as well as the materials submitted on September 7, 2006 with

their objections to the report and recommendation.  Because Plaintiff is proceeding pro se, he was

advised on December 5, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that

a failure to respond to Defendants' motion for summary judgment with additional evidence or

counter-affidavits could result in the dismissal of his complaint.  Plaintiff filed a response on

December 28, 2006.

<u>DISCUSSION</u>

Defendants contend that their motion for summary judgment should be granted because

Plaintiff fails to show that their actions violated the Establishment Clause and Defendant Pauer is

entitled to qualified immunity.  Plaintiff, in his memorandum in opposition to summary judgment,

appears to admit that he is not being forced to watch the videos in question, but now claims that "it

was not just the religious videos that were objected to, but the teachings, saying of prayer, and the

biblical readings that were used as part of the [alcohol and other drug addiction] classes."  Plaintiff's

Opposition Memorandum at 2.  The only issue presently before the court, however, concerns the

videotapes.  See Judge Anderson's September 22, 2006 order.  In his amended complaint, the only

relevant claims Plaintiff makes concerning the videotape(s) is that:

> Mr. Pauer uses a video in his required drug addiction treatment class, that consists
> of a Christian priest preaching to the viewers, that the only way they can overcome
> drug abuse is to become a strong Christian.  That Mr. Pauer has told the Plaintiff that
> if [Plaintiff] refused to watch all three sessions of said video, [Plaintiff] would be
> made to start the whole program over again, and that this would keep taking place
> until such time as [Plaintiff] agreed to watch the video.

Amended Complaint at 5.  Thus, the undersigned will only address these claims concerning

videotapes in this report and recommendation.

Hyacinth White ("White"), a counselor for the SCDMH, states that based on Plaintiff's admission history, he was assigned to complete the Alcohol and Other Drug ("AOD") addiction treatment program at the BDTP. White and Frederick W. Pauer ("Pauer"), a counselor with the SCDMH, supervise AOD treatment groups at the SVP unit. White and Pauer Affs.[5] White states that Plaintiff's attendance in her AOD therapy group consisted of only six sessions over a period of two years. White Aff. Pauer states that after sporadic attendance, Plaintiff stopped coming to his therapy group. Pauer Aff. Pauer and White both state that they have no record of Plaintiff viewing the Chalk Talk videotapes. They further state that any resident undergoing treatment in the AOD program who has an objection to the videotape series "Chalk Talk," can complete the AOD without viewing the videotapes. Pauer and White Affs.[6]

Plaintiff fails to show that his constitutional rights are violated by the "Chalk Talk" videos because he can complete his AOD treatment program without viewing these videotapes. In his opposition memorandum, Plaintiff does not appear to dispute that he can opt out of viewing these tapes, but makes arguments concerning claims not presently before the court. Further, Plaintiff submitted letters from Dr. A. Nicholas DePace, a licensed clinical psychologist who is the Program Manager of the BDTP. In these letters, dated September 29 and October 13, 2006, Dr. DePace

---

[5]These affidavits were submitted with Defendants' September 7, 2006 objections.

[6]Defendants also assert that the first of the series of videotapes only contains random and generic references to the term "God"; the speaker (Father Martin) does not exhort any view that addicts must believe in any particular God in order to recover; and at most the video encourages a recovering addict to maintain spirituality, a belief in anything, to help recovery. Defendants' Renewed Motion for Summary Judgment at 6. Review of further videotapes, however, reveals that the subject of tape 4 (there is no indication that Plaintiff ever viewed this tape) is that a person should "make a decision to turn our will and lives over to the care of God as we understand him." Plaintiff appears to argue that such references to God violate his belief system in the Wiccan religion and his "goddess."

writes that Plaintiff has made no progress in the SVP treatment program because of Plaintiff's refusal to participate in any of his treatments (not just the AOD); Plaintiff is offered a second chance to progress in treatment; and Plaintiff is informed that he is not required to attend any AOD group in which there is the use of a videotape having a religious nature that he might find objectionable.

Further, Plaintiff fails to show that his rights under the Establishment Clause were violated. The Establishment Clause provides, "Congress shall make no law respecting an establishment of religion." U.S. Const. amend. I. Although applicable originally only against the federal government, the Establishment Clause has been incorporated against the states by the Fourteenth Amendment. Everson v. Board of Educ., 330 U.S. 1, 8 (1947). The Supreme Court has frequently used the Lemon test in analyzing Establishment Clause challenges. Van Orden v. Perry, 545 U.S. 677 (2005); see, e.g., Mueller v. Allen, 463 U.S. 388, 394 (1983). The three prong Lemon test provides:

> First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion; finally, the statute must not foster "an excessive government entanglement with religion."

Lemon v. Kurtzman, 403 U.S. 602, 612-613 (1971) (citation omitted).

A program fails the Lemon secular legislative purpose test "only if [the action] is 'entirely motivated by a purpose to advance religion.'" Mellen v. Bunting, 327 F.3d 355, 372 (4th Cir. 2003)(quoting Wallace v. Jaffree, 472 U.S. 38, 56 (1985). Defendants provide that the AOD program has the primary, secular purpose of promoting addiction recovery for SVP program participants. Plaintiff has not presented anything to dispute this. Additionally, Plaintiff has not shown that the primary effect of the videotapes was to advance or inhibit religion. As noted above, Plaintiff may attend and complete the AOD program without viewing the videotapes. Defendants provide that the primary effect of the AOD program is to aid in the recovery from addiction and to ultimately discharge an SVP resident from the treatment program. Finally, Plaintiff has not

established that Defendants effected an impermissible government entanglement with religion in this case where Defendants have provided that the viewing of the videotapes is optional.  See, e.g., DeStefano v. Emergency Housing Group, Inc., 247 F.3d 397 (2d Cir. 2001)(upholding state-funded rehabilitation program with an optional AA component); Gray v. Johnson, 436 F. Supp. 2d 795 (residential substance abuse program for prisoners did not impermissibly entangle religion and government in violation of the Establishment Clause even though voluntary Alcoholics Anonymous and Narcotics Anonymous meetings were held; a single historical religious discussion was held; some non-secular materials were placed in the institutional library; and there were expressions of faith by individual participants while staff members, who were required to intervene to prevent proselytizing, were present).

Defendant Pauer also contends that he is entitled to qualified immunity.  The analysis of the defense of qualified immunity is examined using a two-step analysis.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  The first task is to determine whether the plaintiff has alleged the deprivation of a constitutional right.  Id. at 200-201.  If the answer is yes, the next task is to determine whether the right was clearly established at the time of the alleged incident.  See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002).  As discussed above, Plaintiff fails to allege the deprivation of a constitutional right.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' renewed motion for summary judgment (Doc. 48) be granted.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

May 4, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).